IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLIONOIS

| | |
|---|---|
| JEAN BEAUGRAND, As Administrator of the Estate of Kimberle Mabry, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Case No.:  13-cv-598-JPG-DGW |

**THE UNITED STATES OF AMERICA'S
MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

Defendant, the United States of America, by and through its attorneys, Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Nathan E. Wyatt, Assistant United States Attorney, herby moves to dismiss the plaintiff's complaint.

I.  **JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over Plaintiff's tort claims against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (hereafter "FTCA").  The Southern District of Illinois is a proper venue for this case, as most of the incidents complained of occurred at the Veterans Administration Hospital in Marion, Illinois.  *See* 28 U.S.C. § 1402 (providing that an FTCA action may be brought in the judicial district "wherein the act or omission complained of occurred").

II.  **PLAINTIFF'S COMPLAINT**

Plaintiff's complaint asserts a claim for medical negligence against the Veterans Administration and employees of the Veterans Administration.  Plaintiff alleges that between April 2008 and December 2008 Dr. Shaheda M. Mansuri provided sub-standard medical care to

Plaintiff's decedent, Kimberle Mabry and that, as a result of Dr. Mansuri's negligence, Ms. Mabry suffered an untimely death.

The complaint was served on the United States on October 4, 2013. Thus, the United States is due to answer or otherwise respond by December 3, 2013. Fed.R.Civ.P. 12(a)(2).

### III. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, a court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inference from those facts in favor of the plaintiff. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). Nevertheless, the Court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim." *LeBlang Motors v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir. 1998). A motion to dismiss is properly granted if it appears beyond doubt that a plaintiff is unable to prove any set of facts which would entitle him or her to relief. *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### IV. ARGUMENT

Plaintiff's medical malpractice claim, brought pursuant to the Federal Tort Claims Act, should be dismissed for failure to comply with 735 ILCS 5/2-622.[1] Section 2-622 provides, in part, ["i]n any action, whether in tort, contract, or otherwise, in which plaintiff seeks damages for injuries or death by reason of medical malpractice, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit"

---

[1] P.A. 94-677, effective August 25, 2005, which amended 735 ILCS § 5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010). As a result of *Lebron*, the previous version of the statute (effective 1998) is now in effect. *See Hahn v. Walsh*, 686 F.Supp.2d 829, 832 n. 1 (C.D.Ill. 2010).

from a medical professional indicating that the case has merit. A written report by the certifying medical professional must be attached to the affidavit and must comply with Section 2-622(a). Failure to file an affidavit pursuant to Section 2-622 is cause for dismissal. *See* 735 ILCS 5/2-622(g).

FTCA claims are governed by the substantive law of the state in which the alleged tort occurred, in this case Illinois. See 28 U.S.C. §§ 1346(b), 2674; *see also Murrey v. United States*, 73 F.3d 1448, 1453 (7th Cir. 1996). The prevailing rule in this Court is that the Section 2-622 certificate of merit requirement is a substantive rule of Illinois law that applies to claims brought in federal court. *See Pyles v. Fahim*, No. 11-cv-378-MJR (S.D.Ill. March 26, 2013) (dismissing medical malpractice claim due to the plaintiff's failure to attach a 2-622 certificate of merit to his complaint); *Shank v. United States*, No. 08-CV-214-JPG-PMF, 2008 WL 4671735 (S.D. Ill. Oct. 21, 2008) (dismissing FTCA survival action without prejudice to allow plaintiff to refile with the Section 2-622 certificate); *Chapman v. Chandra*, No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D.Ill. June 5, 2007) (dismissing malpractice claim due to failure to attach 2-622 certificate of merit to the complaint); *Salsman v. United States*, No. 03-CV-0140-MJR, 2005 WL 2001320, (S.D. Ill. Aug. 19, 2005) (dismissing complaint for failure to comply with Section 2-622). The Court's approach has been based on the Seventh Circuit's implicit approval of the Section 2-622 requirement in a diversity jurisdiction case, *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).

In this case, brought pursuant to the FTCA, Plaintiff alleges that Dr. Mansuri's medical "treatment fell below the standard of care" and resulted in "the personal injury to and wrongful death of Kimberle Mabry . . . ." To prove this case, Plaintiff must establish the medical standard of care, that it was breached and that the breach proximately caused his alleged injuries. Thus, the claim falls within the scope of Section 2-622. *See Jackson v. Chicago Classic Janitorial and*

3

*Cleaning Service, Inc.*, 823 N.E.2d 1055, 1058-59 (Ill. App. 1st Dist. 2005) (stating that the term "medical, hospital or other healing art malpractice" in Section 2-622 "must be construed broadly"). Because Plaintiff has not filed the required affidavit of merit and written report, the complaint should be dismissed. *See Sherrod v. Lingle*, 223 F.3d 605, 613-614 (7th Cir. 2000)

The Court has discretion to dismiss with or without leave to amend the complaint. *See id*. at 613. A plaintiff, however, must be afforded an opportunity to amend his complaint to comply with Section 2-622 before his complaint can be dismissed with prejudice. *See id*. at 614; *Chapman v. Chandra*, Case No. 06-CV-0651, 2007 WL 1655799, at *4-5 (S.D. Ill.2007).

## V. **CONCLUSION**

For the reasons stated above, Plaintiff's complaint should be dismissed without prejudice, or alternatively, Plaintiff should be given a definite period of time to amend the complaint to include a certificate under penalty of a dismissal with prejudice.

Respectfully submitted,
STEPHEN R. WIGGINTON
United States Attorney

*/s/ Nathan E. Wyatt*

NATHAN E. WYATT
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
Phone: (618) 628-3700
Fax: (618) 622-3810
E-mail: Nathan.Wyatt@usdoj.gov